IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OMAR EWIDEH, et al.,** | : | Civil No. 1:24-CV-241 |
| | : | |
| Plaintiffs | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **HOMESITE INS. CO. OF THE MIDWEST, et al.,** | : | (Magistrate Judge Carlson) |
| | : | |
| Defendants | : | |

## **MEMORANDUM ORDER**

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This civil action, which was transferred from the United States District Court for the Eastern District of Pennsylvania on February 9, 2024, (Doc. 40), is one of three related cases involving Omar Ewideh and Nivertiti Geaith as *pro se* litigants and Homesite Insurance Company. See Homesite Insurance v. Ewideh, Civil No. 1:22-CV-1664; Ewideh v. Homesite Insurance, Civil No. 1:23-CV-812. As we have previously noted in the plaintiffs' prior litigation, Ewideh and Geaith have engaged in a breathtaking array of litigation mayhem and misconduct in these cases. Moreover, the defendants have, to an astonishing and unprecedented degree, been derelict in their duties as litigants. Thus, Ewideh and Geaith have repeatedly disobeyed or ignored court orders; have failed to respond to pleadings; have refused

to file an answer to this complaint, despite being ordered to do so; and have persistently declined to provide discovery. The staggering array of defaults by Ewideh and Geaith have been thoroughly documented in our prior decisions and Reports and Recommendations, which are incorporated by reference in this order. See e.g., Ewideh v. Homesite Ins. Co. of the Midwest, No. 1:23-CV-812, 2023 WL 5170379, at *1 (M.D. Pa. July 17, 2023); Ewideh v. Homesite Ins. Co. of the Midwest, No. 1:23-CV-812, 2023 WL 4552888, at *1 (M.D. Pa. July 14, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 4471489, at *1 (M.D. Pa. July 11, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 3794509, at *1 (M.D. Pa. June 2, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 4138328, at *1 (M.D. Pa. May 30, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 3035313, at *1 (M.D. Pa. Mar. 7, 2023), report and recommendation adopted sub nom. Homesite Ins. Co. of Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 3866607 (M.D. Pa. Apr. 24, 2023); Homesite Ins. Co. of the Midwest v. Ewideh, No. 1:22-CV-1664, 2023 WL 426923, at *1 (M.D. Pa. Jan. 26, 2023).

Notably, we are not alone in finding that Ewideh and Geaith have engaged in serious misconduct in the course of this litigation. Quite the contrary, prior to transferring this case, the presiding judge in the Eastern District of Pennsylvania

2

condemned this misconduct and explicitly found that Ewideh had been dishonest, stating that:

> Here, Mr. Ewideh's actions squarely fit within the type of conduct the Court warns in its Policies & Procedures is not tolerated. Mr. Walsh and Ms. Fisher stated on the record during the hearing on the motion to enforce civility that the statements they claim Mr. Ewideh made regarding Ms. Fisher are accurate as to what Mr. Ewideh stated. Such language is neither excusable nor tolerated. Although Mr. Ewideh may be frustrated by the way his insurance dispute has proceeded, that does not give Mr. Ewideh the right to use profane, anti-semitic, and egregious language to Mr. Walsh or Ms. Fisher. His language targeted at Ms. Fisher is especially noteworthy for its lack of civility and professionalism. Such language to any person, including Ms. Fisher, is not warranted under any circumstances.
>
> Not only is Mr. Ewideh warned to no longer use such language with Mr. Walsh or Ms. Fisher, nor any other party or third party in any way connected to this litigation, but he is also warned that he must be truthful in his representations to the Court. Mr. Ewideh sent an e-mail communication to the Court on January 10, 2024, stating that he and Ms. Geaith were "request[ing] a continuance of today's hearing[,] as we [the plaintiffs] did not receive notice of the hearing[.]"
>
> The Court is not persuaded that this is an accurate, truthful statement. The Court sent notice of the hearing on December 5, 2023. Doc. No. 26. Approximately two weeks later on December 18, 2023, Mr. Ewideh and Ms. Geaith filed a motion to strike in one of the cases pending in the Middle District of Pennsylvania. Mot. to Strike, Doc. No. 182, Homesite Ins. Co. of the Midwest v. Geaith, et al., No. 1:22-cv-1664-JKM-MCC (M.D. Pa. Dec. 18, 2023). In that motion, the plaintiffs averred that "[p]resently there is a hearing scheduled before the HONORABLE Judge Pratter in the Eastern District of Pennsylvania in early January to address these allegations." Id. at 2. The only hearing scheduled in this litigation was the one regarding the hearing on the motion for enforcement of civility. Thus, there can be no doubt that the plaintiffs did have notice of the hearing on January 10, 2024, and that the communication Mr. Ewideh sent that day to this Court was neither truthful nor accurate.

Ewideh v. Homesite Ins. Co. of the Midwest, No. CV 23-2590, 2024 WL 247056, at *2 (E.D. Pa. Jan. 23, 2024).

Despite the transfer of this case, the plaintiffs have filed a motion addressed to Judge Prater, the jurist who formerly handled this case in the Eastern District of Pennsylvania. (Doc, 44). This motion apologizes for the plaintiffs' apparent mendacity and requests that the court schedule a pretrial conference. (Id.) Because Judge Prater is no longer involved in this case this motion is DISMISSED as MOOT and the plaintiffs are instructed to direct any future motions to the undersigned.

So ordered this 12th day of February 2024.

S/Martin C. Carlson  
Martin C. Carlson  
United States Magistrate Judge