## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OMAR EWIDEH and NIVERTITI GEAITH,** | : | **No. 1:24cv241** |
| **Plaintiffs** | : | |
| | : | **(Judge Munley)** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **HOMESITE INSURANCE COMPANY OF THE MIDWEST, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Before the court is a motion to dismiss an amended complaint filed by the defendants pursuant to Federal Rules of Civil Procedure 12(b)(6) and 41(b). (Doc. 99).  Plaintiffs Omar Ewideh and Nivertiti Geaith, proceeding in this action *pro se*, have repeatedly failed to comply with court orders in this matter.  Rather, they have continued to engage in dilatory tactics without addressing the merits of their ostensible claims against their insurance company, their insurance company's counsel, and claims professionals.  Accordingly, the motion to dismiss will be deemed unopposed and this action will be dismissed pursuant to Rule 41(b).  A decision on the merits of plaintiffs' claims under Rule 12(b)(6) also leads to the same outcome.

## Background

This action relates to a separate declaratory judgment action filed by Homesite Insurance Company of the Midwest ("Homesite") against Ewideh and Geaith.[1] On May 17, 2023, Ewideh and Geaith filed suit against the defendants in the Middle District of Pennsylvania and then filed a virtually identical lawsuit in the Eastern District of Pennsylvania on July 3, 2023 after attempting to discontinue their initial suit in this court. (Compare Ewideh v. Homesite, 1:23cv812 (Doc. 1) with Ewideh v. Homesite, 1:24cv241 (Doc. 1)).

By way of a memorandum and order filed on February 7, 2024, the late Judge Pratter from the Eastern District determined that Ewideh and Geaith were being duplicitous and transferred the above-captioned action to this court, which

---

[1] In October 2022, Homesite instituted an action against Ewideh and Geaith seeking declaratory relief in connection with two property damage claims submitted under a homeowner's policy of insurance issued by Homesite. (See Homesite v. Geaith, 1:22cv1664 (Doc. 1, Compl.)). Homesite sought a declaration that: 1) it properly and adequately adjusted the claims; 2) Ewideh and Geaith breached various provisions of the applicable insurance policy; and that 3) no additional coverage was owed under the policy. (Id.)

That matter was assigned to Magistrate Judge Martin C. Carlson. Due to a "breathtaking array of litigation mayhem and misconduct" by Ewideh and Geaith, the magistrate judge recommended that default judgment be entered against Ewideh and Geaith. (See 1:22cv1664 (Doc. 222, 01/16/2024 Report & Recommendation ("R&R"))). The court adopted the R&R after application of the factors from Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984), entered a default judgment, and granted Homesite's declaratory relief. (See 1:22cv1664 (Docs. 275-276). Ewideh and Geaith appealed *within minutes* of the court's order. (Doc. 277). Then came ten (10) post-decision motions. (Docs. 279, 281, 287, 292, 294, 298, 299, 301, 302, 305). As directed by the Third Circuit Court of Appeals, the court has addressed the initial post-decision motions filed by Ewideh and Geaith. (Docs. 288-289, 293). The appeal remains pending.

2

was then consolidated with the earlier action filed by the plaintiffs. <u>Ewideh v.</u>

<u>Homesite Ins. Co. of the Midwest</u>, No. CV 23-2590, 2024 WL 493426, at *6 (E.D.

Pa. Feb. 7, 2024).  In the short time plaintiff's action was pending in the Eastern

District, Ewideh specifically faced rebuke and reprimand for his patently abusive

communications toward defendants' counsel (who are themselves defendants in

this action). <u>Ewideh v. Homesite Ins. Co. of the Midwest</u>, No. CV 23-2590, 2024

WL 247056, at *1 (E.D. Pa. Jan. 23, 2024).  The undersigned has also detailed

Ewideh's inappropriate communications in the past and need not address them

again. <u>Homesite Ins. Co. of the Midwest v. Geaith</u>, No. 1:22CV1664, 2024 WL

1747643, at *5, nn. 7-8 (M.D. Pa. Apr. 23, 2024), <u>app. filed</u>, 24-01751 (3d Cir.

Apr. 23, 2024).

　　As they had done in the other litigation, Ewideh and Geaith continued with

their odd tactics in this action.  When this matter was assigned to Magistrate

Judge Carlson, the magistrate judge (again) detailed these tactics in

recommending that the defendants' initial motion to dismiss be granted. (Doc.

75).  Ewideh and Geaith did not bother to file a brief in opposition to the first

motion to dismiss despite an order telling them to do so. (Doc. 64).  Instead,

Ewideh and Geaith filed all kinds of things: 1) a medical record of Ms. Geaith,

(Doc. 65); 2) photographs, (Doc. 66); 3) emails with settlement negotiations,

(Doc. 69); 4) partial transcripts showing the magistrate judge's efforts to aid the

parties in a discovery dispute in the related action, (Doc. 73); and 5) numerous filings focused on matters wholly unrelated to the merits of defendants' motion to dismiss, (Docs. 70, 79-81, 82).

Ewideh and Geaith also failed to file any objections to Magistrate Judge Carlson's report and recommendation. The report and recommendation was then adopted, plaintiff's complaint was dismissed, and the case was closed. (Doc. 84). Ewideh and Geaith asked for clarification. (Doc. 85). The court granted that request. (Doc. 86). The effect of that ruling reopened the case and permitted plaintiff to file an amended complaint as to their Fair Housing Act ("FHA") claim. (Id.) The amended complaint was due by June 17, 2024.

Ewideh and Geaith then pulled this case into another procedural morass. Instead of filing the amended complaint on June 17, 2024, Ewideh and Geaith filed an "emergency motion for order to amend following hearing on improper venue." (Docs. 87-88). Then, as the court prepared to address plaintiffs' failure to prosecute, Ewideh and Geaith filed a letter the next day advising that they stood "willing and ready to file their amended complaint on the [FHA] violation in the meantime" if the court was unwilling to hold a hearing on venue. (Doc. 89). Ewideh and Geaith also indicated that they had some exhibits to the amended complaint on a flash drive that they wanted to file with the Clerk of Court's office. (Id.) The court believes in practical solutions. So, on June 18, 2024, the court

4

denied the motion for a venue hearing, but granted plaintiffs an extension of time. (Doc. 91).  They were ordered to file the amended complaint with the accompanying flash drive of exhibits by June 20, 2024 at 3:00 PM at a United States Courthouse within the Middle District of Pennsylvania. (Id.)

Then, on June 20, 2024, Ewideh and Geaith sent two letters to the court explaining why they could not make the deadline and requesting that exhibits to the amended complaint be emailed to chambers. (Docs. 93-94).  The court granted the request for an extension to file an amended complaint, but denied the request to email exhibits to chambers. (Doc. 95).  To the extent that Ewideh and Geaith sought to file electronic exhibits, they had until June 24, 2024 at 3:00 PM to do so. (Id.)

Ewideh and Geaith filed the amended complaint without exhibits via ECF on June 24, 2024 (about fifteen (15) minutes past the in-person deadline). (Doc. 98).  Defendants responded with the instant motion to dismiss on July 8, 2024. (Doc. 99).  Defendants filed their brief in support on that same date. (Doc. 100). Pursuant to the Rules of Court for the Middle District of Pennsylvania ("Local Rules"), a brief in opposition was due from plaintiffs fourteen (14) days later, on July 22, 2024. See M.D.Pa. L.R. 7.6.

Instead of filing a brief, plaintiffs requested a pretrial conference and sought reassignment, recusal, or disqualification. (Doc. 104).  The court denied those

requests. (Doc. 106). Then, the day after plaintiff's brief was due under the Local Rules, June 23, 2024, the court advised plaintiffs of Local Rule 7.6 and indicated that the time ordinarily required for a response had passed. (Doc. 107). Additionally, the court granted plaintiffs an additional seven (7) days to file a brief in opposition. (Id.) Finally, the court warned plaintiffs that the defendants' motion to dismiss the amended complaint would be granted as unopposed if a brief in opposition was not filed on or before July 30, 2024. (Id.)

On July 30, 2024, instead of filing a brief opposing defendants' motion to dismiss, plaintiffs filed an invective disguised as a motion to stay. (Doc. 109). For the reasons set forth below, plaintiffs' motion to stay will be denied and defendants' motion to dismiss will be granted.

**Jurisdiction**

Because this case is brought ostensibly pursuant to the FHA, the court has jurisdiction pursuant to 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The court has supplemental jurisdiction over plaintiffs ostensible state-law claims pursuant to 28 U.S.C. § 1367(a). ("In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the

action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

**Legal Standards**

Defendants filed the instant motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 41(b).

### a. Rule 12(b)(6)

The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when factual content is pled that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Id. (citing Twombly, 550 U.S. at 570).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

### b. Rule 41(b)

Defendants also move for an involuntary dismissal under Rule 41(b). Federal Rule of Civil Procedure 41(b) permits a defendant to move for dismissal

of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]" FED. R. CIV. P. 41(b).

**Analysis**

### a. Defendants' Motion to Dismiss is Deemed Unopposed

The Local Rules provide that:

> Any party opposing any motion, other than a motion for summary judgment, shall file a brief in opposition within fourteen (14) days after service of the movant's brief, or, if a brief in support of the motion is not required under these rules, within seven (7) days after service of the motion. Any party who fails to comply with this rule shall be deemed not to oppose such motion.

M.D. PA. L.R. 7.6.

To date, plaintiffs have not filed a brief in opposition to defendants' motion to dismiss and the time ordinarily required for a response passed on July 22, 2024. On July 23, 2024, the court advised plaintiffs of their requirements under Local Rule 7.6 and provided them with an additional seven (7) days to file a brief. That extended deadline has passed. The court will thus deem defendants' motion to dismiss unopposed. This is not a sufficient basis for the court to dismiss this case. See Shuey v. Schwab, 350 F.App'x. 630, 633 (3d Cir. 2009); Hernandez v. Palakovich, 293 F.App'x. 890, 895 (3d Cir. 2008); Stackhouse v. Mazurkiewicz, 951 F.2d 29 (3d Cir. 1991). This finding, however, carries over to defendants' motion for involuntary dismissal.

8

### b. The <u>Poulis</u> Factors Warrant Dismissal Pursuant to Rule 41(b)

Based on plaintiffs' extensively documented misconduct in litigating this case, defendants move for an involuntary dismissal. If a plaintiff fails to prosecute a case or to comply with court rules or court orders, the court may dismiss the action pursuant to Rule 41(b). Dismissal is a drastic sanction that "should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." <u>Donnelly v. Johns–Manville Sales Corp.</u>, 677 F.2d 339, 342 (3d Cir. 1982). Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the court and will not be disturbed absent an abuse of that discretion. <u>Emerson v. Thiel Coll.</u>, 296 F.3d 184, 190 (3d Cir. 2002). Such discretion is regulated by the required balancing of several factors, commonly referred to as <u>Poulis</u> factors, prior to a Rule 41(b) dismissal.

The <u>Poulis</u> factors include: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. 747 F.2d at 868.

The sixth Poulis factor, meritoriousness of a claim or defense, is of paramount importance. See Knoll v. City of Allentown, 707 F.3d 406, 409 (3d Cir. 2013).

The court will start with the sixth Poulis factor and eventually return to it. At the outset, the court notes that these parties and their counsel have never appeared for any proceedings before the undersigned. The court only reads what has been filed. A pattern quickly emerges in plaintiffs' submissions. Rather than attempt to move this matter forward for a merits resolution, Ewideh and Geaith take a different approach with delay and obfuscation in mind.

Resuming the orderly analysis of the Poulis factors, the *pro se* plaintiffs are personally responsible for their own failures and refusal to comply with the court's rules and orders. The first Poulis factor weighs heavily in favor of dismissal. The second Poulis factor concerns prejudice to the defendants as Ewideh and Geaith's adversaries and the third Poulis factor concerns the plaintiffs' history of dilatoriness. The defendants have had to expend time and money to defend this case in two district courts over the past year. At every step of the way, plaintiffs have helped define the phrase "dilatory conduct." The background section of this memorandum only contains a small sampling of the plaintiffs' delay tactics. The most recent actions by plaintiffs are a fresh example. Rather than file a brief in opposition to defendants' motion to dismiss, plaintiffs' asked for a stay. (Doc. 109). Such a request for a stay was not based on anything of actual substance.

Rather, plaintiffs merely seek to delay the court's rulings by complaining about a perceived unfair process. Plaintiffs' complain about unfairness even after the court had reopened the case at their request, permitted an amended complaint, and extended the deadline to file an amended complaint on several occasions. Eventually, all these delay tactics add up to tangible prejudice to the defendants and this case has reached that point. The second and third <u>Poulis</u> factors thus weigh in favor of dismissal.

The fourth <u>Poulis</u> factor concerns whether plaintiffs' conduct is willful or in bad faith. When the plaintiffs have repeatedly failed to comply with instructions of the court, neglected court-ordered deadlines, and refused to file pleadings and briefs as directed, but instead file other motions seeking relief on grounds previously rejected, plaintiffs' actions can only reflect an ongoing willful disregard for this case and the legal process. Their actions cannot be described as isolated, accidental, inadvertent, or negligent.

As for the availability of lesser sanctions, the fifth <u>Poulis</u> factor, the plaintiffs are *pro se*. Plaintiffs have intimated that defendants' conduct has caused them financial hardship. Taking them at their word, monetary sanctions would compound that alleged hardship. Previous admonishments by a magistrate judge and two district court judges have not worked. Ewideh and Geaith were only emboldened by these lesser previous sanctions. The plaintiffs continue to

ignore the court's rules and orders and file frivolous motions instead. The fourth and fifth Poulis factors weigh in favor of dismissal.

Returning now to the merits of plaintiffs' claims, the sixth Poulis factor, the court will proceed with consideration of the Rule 12(b)(6) portion of defendants' motion in the next section.  As discussed below, plaintiffs' claims fail the Rule 12(b)(6) test a second time.

### c. Plaintiffs' Amended Complaint Fails to State a Claim

The court granted leave for plaintiffs to file an amended complaint to replead their claim for housing discrimination pursuant to the FHA. (Docs. 86, 91).  On June 26, 2024, plaintiffs filed an amended complaint asserting three causes of action in two counts: Count I: violation of the FHA and negligence per se; and Count II: a state law claim for civil conspiracy. (Doc. 98).  The amended complaint takes a narrative form:

In the factual background section, plaintiffs aver that "[d]uring the adjustment of certain claims and contractual dealings[,] defendants had conspired to deprive plaintiffs of their civil rights and the right to fair housing and nondiscriminatory actions." (Id. p. 2).  Allegedly the defendants knowingly conspired to deny alternative housing to plaintiffs and had been aware that plaintiffs had medical conditions. (Id.) Plaintiffs' allegations are based on the "policy contract and the notes that establish[] coverage." (Id.)  Further, plaintiffs

allege that: "[d]uring the 2022 to 2024 and present the defendants had all conspired and negligence to stop the plaintiff from taking lawful action such as attempting to create fraudulent and manufacture evidence to avoid proper venue as admitted in a telephone call. [sic]" (Id.)

In Count I, entitled "violation of the fair housing act and negligence per se 42 U.S.C. § 3601 et seq.," plaintiffs aver that the defendants knowingly violated the FHA with "want[on] malice and disregard." (Id.)  Plaintiffs go on to allege that the FHA "did not permit defendants to discriminate against plaintiff EWIDEH by stating Statements such as that plaintiff was an fag And other homophobic slurs as well as by defendant Fisher that plaintiff was not allowed to be Jewish because 'Jews cannot be fags.' [sic]" (Id. pp. 5-6).  Plaintiffs also allege that defendants knew plaintiff suffered from conditions requiring clean and safe housing and retaliated against them by not providing it based on the costs associated with such housing. (Id. at 6).  Plaintiffs close Count I by averring that "[d]efendants had conspired to deprive the plaintiffs of benefits its entitled to based on a perceived sexuality or homosexuality towards plaintiff Ewideh in violation of federal law and the fair housing act. [sic]" (Id. at 6).

In Count II, entitled "Civil Conspiracy," plaintiffs allege that "[d]efendants had all conspired and joined together to commit Acts in violation of the law under the Fair Housing Act and in retaliation to plaintiff asserting its rights. [sic]" (Id. at

13

7). Plaintiffs further aver: "The defendants had all committed numerous acts committed overt acts to stop plaintiffs from seeking proper redress including attempting to manufacture evidence to avoid being accountable in the proper venue. [sic]" (Id. at 7).

Despite numerous references to statements and contracts in the amended complaint and numerous representations to the court that they would file the amended complaint with electronic exhibits, (see Docs. 89 and 93), plaintiffs have not filed exhibits either in-person or through the ECF.

Turning to the claims asserted, the negligence *per se* claim is meritless to the extent that it is raised. See Wartluft v. Milton Hershey Sch. & Sch. Tr., 400 F. Supp. 3d 91, 114 (M.D. Pa. 2019)("Courts in this circuit have been clear that anti-discrimination statutes like the ADA and the FHA cannot serve as the basis of a negligence per se action.").  Additionally, to state a civil action for conspiracy in Pennsylvania, a complaint must allege: "(1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or unlawful purpose; (2) an overt act done to further the common purpose, and (3) actual legal damage." DeBlasio v. Pignoli, 918 A.2d 822, 826 (Pa. Commw. Ct. 2007) (citation omitted).  Plaintiffs do not plead facts to establish the overt acts of the alleged conspiracy, nor do they plead their

14

actual legal damage.  Conclusory claims are subject to dismissal under Twombly and Iqbal and Count II is threadbare.

Finally, the court addresses the merits of plaintiffs' FHA claim in Count I as filed against their homeowners' insurance company, their lawyers, and their claims adjusters on plaintiffs' second opportunity to state such a claim.  The court construes the claim as one asserting discrimination because of sex (sexual orientation) and because of a "handicap" (disability discrimination), as contemplated by the FHA.  Plaintiffs have not explained how defendants' adjustment of homeowners' insurance claims fit within the scope of the provisions of 42 U.S.C. § 3604(a)-(f), which were block quoted in the amended complaint.  Vague, conclusory allegations that defendants' adjustment decisions were made for discriminatory reasons are insufficient to state a claim under the FHA. See Wilson v. Hillsborough Twp. Constr. Dep't, 779 F. App'x 969, 972 (3d Cir. 2019)(citing Mt. Holly Gardens Citizens in Action, Inc. v. Twp. of Mount Holly, 658 F.3d 375, 381 (3d Cir. 2011)).  The court need not reach defendants' arguments that the FHA does not apply to property insurers or that the plaintiffs' FHA claims, as underdeveloped as they are, are barred by the McCarran-Ferguson Act, 15 U.S.C. § 1011.

Both counts of the the amended complaint are subject to dismissal under Rule 12(b)(6) and it remains difficult for the court to see any actual merit in

15

plaintiffs' housing discrimination claims.  Accordingly, defendants' motion to dismiss will be granted pursuant to Rule 12(b)(6).  That conclusion also applies to the merits considerations paramount in application of the Poulis factors.  Thus, defendants' motion to dismiss will also be granted pursuant to Rule 41(b).

### d. Plaintiffs' Motion for Stay

As noted above, plaintiffs filed a letter request for a stay in lieu of compliance with the court's order to file a brief in opposition to the motion to dismiss. (Doc. 109).  They seek the stay to file a writ of mandamus with the Third Circuit Court of Appeals to remove the undersigned from their matters.  As addressed on several prior occasions, "a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir. 2000). Moreover, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994).  There is no basis for reassignment, recusal, or disqualification in this matter or in the other matter involving the parties now on appeal.  The motion for a stay will thus be denied.

**Conclusion**

For the reasons set forth above, defendants' motion to dismiss will be granted and this action will be dismissed with prejudice.  Plaintiffs' motion for a stay will be denied.  The Clerk of Court will be directed to close this case. An appropriate order follows.

Date: 7/31/24

**JUDGE JULIA K. MUNLEY**
**United States District Court**

17